AUSTIN, appellant, v. HOLLAND.

*Evidence — dissolution of partnership, notice of.*

The mailing of a notice of the dissolution of a partnership, properly directed to a dealer with the firm, is only *prima facie* evidence that the notice was received, and may be rebutted by proof that the person to whom it was directed was not at the place to which it was sent, and that he did not in fact receive it.

ACTION on a promissory note made by Dillon Beebe & Co., August, 1869, payable to the order of Horace Loveland, and by him transferred to plaintiff, after maturity. The defendant, Holland, was a member of the firm of Dillon Beebe & Co., lumber merchants, Holland residing at Buffalo and Beebe at Toledo. On the 9th of March, 1868, Loveland was employed by the firm as agent. On the 29th day of March, 1869, the partnership was dissolved. A circular letter, containing a notice of the dissolution, was duly deposited in the post-office, directed to said Loveland at Toledo, and another directed to him at Detroit. After the dissolution said Loveland, by direction of Beebe, continued to purchase lumber in the name of Dillon Beebe & Co., until August, 1869, when he settled with Beebe and received the note in suit as part of his compensation for services.

The defendant, Holland, set up as a defense to the action that the said Beebe had, at the time of making the note, no right or authority to bind him by or under the name of Dillon Beebe & Co.

At the trial plaintiff offered to show that Loveland was not in either Toledo or Detroit when the notices of dissolution were mailed, nor for some time thereafter ; and that he never received either of these notices, nor knew of the existence of such notices until after the note fell due. The evidence was excluded, and plaintiff excepted. A motion for a nonsuit was granted, and plaintiff appealed.

*M. I. Townsend*, for appellant.

*Esek Cowen*, for respondent.

Per CURIAM. We think that Loveland was a dealer with the firm, and that the court erred in excluding the proof offered that Loveland was not in either Toledo or Detroit at the time when the notices were mailed. While the mailing of a notice properly directed may be *prima facie* presumptive evidence that it was received, yet it is not so entirely conclusive that the presumption may not be rebutted by proof that it was not received. When the person was absent from his residence for a considerable period of time, and not likely to receive the notice, or when engaged in the employment of the firm and absent on their business, the presumption is not as strong as it might be under other circumstances. Whether the notice was received by the plaintiff or not depended upon all the facts connected with the transaction, and it was competent, as a part of the surrounding circumstances, to show where the plaintiff was, and that he did not actually receive the notice.

Judgment and order reversed and new trial granted, with costs to abide the event.

*Judgment reversed.*